ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  marc.abrams@doj.state.or.us
      Additional attorneys listed on signature page

Attorneys for Plaintiffs State of Oregon, Kate Brown, and Ellen Rosenblum

TRACY P. REEVE  #891123
City Attorney
DENIS M. VANNIER  #044406
Senior Deputy City Attorney
Portland Office of the City Attorney
1221 SW Fourth Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Fax: (503) 823-3089
Email: Denis.Vannier@portlandoregon.gov

Attorneys for Plaintiff City of Portland

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE STATE OF OREGON, KATE BROWN, Governor; ELLEN ROSENBLUM, Attorney General; and THE CITY OF PORTLAND,<br><br>      Plaintiffs,<br><br>   v.<br><br>DONALD J. TRUMP, President of the United State, in his official capacity; MATTHEW G. WHITAKER, Acting Attorney General of the United States, in his official capacity; and the UNITED STATES OF AMERICA,<br><br>      Defendants. | Case No.  6:18-cv-01959-MC<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

FACTS ............................................................................................................................... 2

MEMORANDUM OF LAW .............................................................................................. 3

    I.     The challenged conditions are not modest requests, nor does the voluntariness of the program change the analysis. ............................................... 3

    II.    The challenged conditions are not valid. ............................................................ 5

         A.     Section 10102(a)(6) does not authorize the challenged conditions. ........... 5

         B.     The Compliance Condition relies on statutes — §§ 1373 and 1644 — that violate the Tenth Amendment. ........................................................ 7

         C.     The challenged conditions violate the Spending Clause. ........................... 8

         D.     The FY 2018 conditions violate separation-of-powers principles. ............. 9

    III.   A nationwide injunction is the appropriate remedy. ........................................... 11

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Dole*, 927 F.2d 771 (4th Cir. 1991) ............................................................................. 7

*Arizona State Bd. for Charter Schools v. United States Dept. of Educ.*, 464 F.3d 1003
   (9th Cir. 2006) ......................................................................................................................... 7

*California v. Yamasaki*, 442 U.S. 682 (1979) ........................................................................... 13

*City & Cty. of San Francisco v. Sessions*, 18-cv-05146-WHO, 2019 WL 1024404 (N.D.
   Cal. Mar. 4, 2019) ............................................................................................................. 1, 12

*City & Cty. of San Francisco v. Sessions*, 349 F. Supp. 3d 924
   (N.D. Cal. 2018) ............................................................................... 1, 4, 5, 6, 8, 10, 11, 12

*City of Chicago v. Sessions*, 321 F. Supp. 3d 855 (N.D. Ill. 2018) .................................. 1, 4, 7, 12

*City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018) ................................................ 1, 5, 6, 12

*City of Los Angeles v. Sessions*, 293 F. Supp. 3d 1087 (C.D. Cal. 2018) ..................................... 12

*City of Philadelphia v. Attorney Gen. of United States of America*, 916 F.3d 276 (3d Cir.
   2019) .................................................................................................................. 1, 5, 6, 7, 10, 12

*City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579 (E.D. Pa. 2017) ................................ 5, 6, 9

*City of Philadelphia v. Sessions*, 309 F. Supp. 3d 289 (E.D. Pa. 2018) ...................... 1, 5, 8, 12, 13

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006) ............................ 13

*FMC v. Seatrain Lines, Inc.*, 411 U.S. 726 (1973) ........................................................................ 7

*League of Women Voters of US v. Newby*, 838 F.3d. 1 (D.C. Cir. 2016) ................................... 13

*Murphy v. Nat'l Collegiate Athletic Ass'n*, __ U.S. __, 138 S. Ct. 1461 (2018) ........................... 8

*Oregon v. Azar*, 6:19-cv-00317-MC, Docket No. 142 ............................................................... 13

*S.E.C. v. Sloan*, 436 U.S. 103 (1978) ........................................................................................... 7

*South Dakota v. Dole*, 483 U.S. 203, 206, 107 S. Ct. 2793 (1987) ............................................... 4

*States of New York v. Dept. of Justice*, 343 F. Supp. 3d 213 (S.D.N.Y. 2018) .. 1, 4, 5, 6, 7, 11, 12

*Trump v. Hawaii*, 138 S. Ct. 2392 (2018) ................................................................................... 12

*Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468, 121 S. Ct. 903 (2001) .............................. 11

**United States Code**

34 U.S.C. § 10102 .......................................................................................................................... 5

34 U.S.C. § 10102(a)(2) ................................................................................................. 10

34 U.S.C. § 10102(a)(6) ............................................................................... 5, 6, 7, 10, 11

34 U.S.C. § 10153(a)(5)(D) ............................................................................................. 7

34 U.S.C. § 10228 ......................................................................................................... 10

**Other Authorities**

2005 U.S.C.C.A.N. 1636, 1640 ..................................................................................... 11

H.R. Rep. 109–233 (2005) ............................................................................................. 11

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# INTRODUCTION

Defendants have impermissibly denied Plaintiffs funds that they are entitled to receive under the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") program as provided by Congress. Every court to have considered factually identical denials of Byrne JAG funds has agreed that they violate fundamental constitutional principles governing the separation of powers in our federalist system. *See, e.g.*, *States of New York v. Dept. of Justice*, 343 F. Supp. 3d 213 (S.D.N.Y. 2018); *City & Cty. of San Francisco v. Sessions*, 349 F. Supp. 3d 924 (N.D. Cal. 2018); *City of Chicago v. Sessions*, 321 F. Supp. 3d 855 (N.D. Ill. 2018); *City of Philadelphia v. Sessions*, 309 F. Supp. 3d 289 (E.D. Pa. 2018); *City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018), *reh'g en banc granted in part, opinion vac'd in part*, 17-2991, 2018 WL 4268817 (June 4, 2018), *reh'g vac'd*, 17-2991, 2018 WL 4268814 (Aug. 10, 2018); *City of Philadelphia v. Attorney Gen. of United States of America*, 916 F.3d 276 (3$^{d}$ Cir. 2019); *City & Cty. of San Francisco v. Sessions*, 18-cv-05146-WHO, 2019 WL 1024404 (N.D. Cal. Mar. 4, 2019). Because Defendants offer no legal or factual distinction that demands a different analysis than these cases — indeed, because they fail to meaningfully contend with any of the persuasive authority contrary to their position — this Court should follow every other federal court that has considered the same questions presented in this case.

More specifically, Defendants' response to Plaintiffs' motion for summary judgment confirms that Defendants do not dispute Plaintiffs' statement of facts, and Defendants do not distinguish the many recent decisions in the federal district and circuit courts accepting Plaintiffs' legal arguments. Defendants do, however, mischaracterize the nature of Plaintiffs' challenges and therefore misapply governing law. Defendants' opposition to Plaintiffs' motion for summary judgment confirms that this case presents no genuine dispute as to any material fact and that Plaintiffs are entitled to judgment as a matter of law. For this reason, this Court should deny Defendants' Motion to Dismiss (Docket No. 14) and grant Plaintiffs' Combined Motion for Summary Judgment (Docket No. 21).

Page 1 -  **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947 -4791

In support of Plaintiffs' motion and its response to Defendants' motion, Plaintiffs rely on the following memorandum together with the Declaration of Michael Schmidt (Docket No. 22), the Declaration of Peenesh Shah (Docket No. 23), the Declaration of Timothy D. Smith (Docket No. 24), the Declaration of Veronica Nordeen (Docket No. 25), the supporting exhibits, and the other evidence and records on file in this matter.

## FACTS

The undisputed facts are set forth in detail in Plaintiffs' initial Memorandum in Support of Summary Judgment. Docket No. 21 at 9-23. Defendants do not dispute that beginning in March 2016, they imposed new requirements — including the three immigration-related conditions that are the subject of this action — for every state and municipality receiving fiscal year ("FY") 2017 Byrne JAG funds. Docket No. 14 at 17-18; *see also* Docket No. 22 at 9, 31-32, 39, 47-48, 53-54; Docket No. 25 at 33. This brief refers to those conditions, discussed below, as the "Compliance Condition," the "Access Condition", and the "Notice Condition."

Defendants acknowledge that Plaintiffs have each applied for a Byrne JAG since Defendants imposed the new conditions. Docket No. 14 at 22. In addition, according to the FY 2017 Byrne JAG solicitation, Defendants anticipated issuing Byrne JAG award notifications by September 30, 2017. Docket No. 22 at 39; Docket No. 25 at 33.

To date, Defendants have not issued awards or disbursed funds on the State of Oregon's FY 2017 application or on Plaintiffs' subsequent applications. Docket No. 14 at 10 ("OJP has not otherwise acted on their Byrne JAG applications"); *id*. at 22-23 (same); Docket No. 22 at 6-7. Not only have Defendants withheld Byrne JAG funds from Oregon for FY 2017 and both Plaintiffs for FY 2018, but they also continue to impose the challenged conditions for FY 2019. Plaintiffs now ask this court to compel Defendants to disburse the Byrne JAG funds for FY 2017 and FY 2018 and to enjoin Defendants from imposing unconstitutional conditions on future Byrne JAG applications.

Page 2 -   PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

**MEMORANDUM OF LAW**

The undisputed facts confirm that Plaintiffs have standing to raise their claims, that the statutes underlying the Compliance Condition are invalid under anti-commandeering principles, that the Access and Notice Conditions are invalid under separation-of-powers principles and would also be an invalid exercise of authority under the Spending Clause, and that Plaintiffs are therefore entitled to declaratory and injunctive relief, as well as mandamus.

**I.     The challenged conditions are not modest requests, nor does the voluntariness of the program change the analysis.**

Defendants start their opposition to Plaintiffs' claims by describing the challenged conditions as "extraordinarily modest" requests for reasonable cooperation in the enforcement of the nation's immigration laws against criminal aliens.  Docket No. 29 at pp. 7-9.

At the outset, any "modesty" in Defendants' conditions is no answer to Plaintiffs' legal claims:  the Tenth Amendment contains no exception allowing the federal government to intrude on state sovereignty if only it does so modestly, and Articles I and II of the Constitution do not allow the executive even modest discretion to refuse disbursement of funds that Congress mandated to be paid.

Regardless, Defendants' conditions are not modest.  Defendants do not dispute that that they "will take all lawful steps to claw back any funds awarded to a jurisdiction that violates its grant agreement, including the conditions to comply with Section 1373," Docket No. 22 at 54, and they do not dispute that they repeatedly threatened state and local officials with criminal prosecutions if those officials decline Defendants' "modest" requests.  Docket No. 24 at 4-21 ("In an oversight hearing before the Senate Judiciary Committee on January 16, 2018, Secretary Kirstjen Nielsen confirmed that '[t]he Department of Justice is reviewing what avenues might be available [to the Department of Homeland Security to charge elected officials such as these]."); *id*. ("we gotta start charging some of these politicians with crimes" and "hold back their funding.").  In fact, in September 2017, then Attorney General Jeff Session personally traveled to Portland and personally threatened state and local officials and specifically criticized the

Page 3 -   **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
          MA/crr/9616629-v2

Multnomah County Sheriff for objecting to the challenged conditions.

https://www.oregonlive.com/portland/2017/09/attorney_general_jeff_sessions_1.html.

This background highlights that the challenged conditions are not modest requests. Here, the challenged conditions do not simply ask states and local governments to cooperate in federal immigration enforcement; rather, they require states to affirmatively assist in that federal regulatory responsibility. Docket No. 14 at 29 (asserting that Sections 1373 and 1644 permissibly prevent plaintiffs from restricting their own officials from "provid[ing] the minimal cooperation needed for federal officials to exercise their duties").

Next, Defendants argue that the Byrne JAG program is a voluntary grant program that Plaintiffs should simply forego if the conditions for participation are objectionable. Docket No. 29 at pp. 7-9.

But the voluntariness of the Byrne JAG program cannot save Sections 1373 and 1644 from their facial unconstitutionality. Defendants' argument "ignores that Section 1373 is an extant federal law with which" states "must comply, completely irrespective of whether or not it accepts Byrne JAG funding." *City & Cty. of San Francisco*, 349 F. Supp. 3d at 949; *City of Chicago*, 321 F. Supp. 3d at 867 (similar). The voluntariness of that grant program cannot defeat Plaintiffs' independent and otherwise meritorious challenge to generally applicable federal laws. *See, e.g.*, *City & Cty. of San Francisco*, 349 F. Supp. 3d at 949 (holding that "the voluntariness of the grant program does not remove a challenge to a potentially applicable federal law, here Section 1373, from the scope of the Tenth Amendment"); *City of Chicago*, 321 F. Supp. 3d at 867 (similar); *States of New York*, 343 F. Supp. 3d at 237 (similar).

And although *Congress* may impose conditions on voluntary grants, that is no answer to Plaintiffs' separation-of-powers argument that the conditions here were not validly authorized by Congress. *See generally South Dakota v. Dole*, 483 U.S. 203, 206, 107 S. Ct. 2793 (1987) (recognizing that "*Congress* may attach conditions on the receipt of federal funds" (emphasis added)).

Page 4 -    PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

**II.     The challenged conditions are not valid.**

  **A.     Section 10102(a)(6) does not authorize the challenged conditions.**

Next, Defendants turn to 34 U.S.C. § 10102(a)(6) as authority for the imposition of the challenged conditions. Docket No. 29 at 10-13. Defendants do not dispute that Congress alone is vested with legislative and spending authority, nor do Defendants dispute that the "Byrne JAG Program is a formula grant program, not a discretionary program, meaning that Congress has already determined who the recipients are and how much money they receive." *City & Cty. of San Francisco*, 349 F. Supp. 3d at 945.

Instead, Defendants argue that 34 U.S.C. § 10102(a)(6) authorized the Assistant Attorney General to impose the challenged conditions. Specifically, Defendants rely on the emphasized portion of the statute providing:

> The Assistant Attorney General shall * * * exercise such other powers and functions as may be vested in the Assistant Attorney General pursuant to this chapter or by delegation of the Attorney General, *including placing special conditions on all grants, and determining priority purposes for formula grants*.

34 U.S.C. § 10102(a)(6) (emphasis added).

Yet Defendants fail to contend with the unanimous holdings of every court to have considered the emphasized portion of § 10102(a)(6), each of which has agreed that the statute does not amount to a delegation of authority to create and impose new conditions on the receipt of Byrne JAG funds. *States of New York*, 343 F. Supp. 3d at 227-28; *City & Cty. of San Francisco*, 349 F. Supp. 3d at 947-48; *City of Chicago*, 888 F.3d at 284-87 (analyzing the issue only as a preliminary matter, to assess likelihood of success on the merits); *City of Philadelphia*, 309 F. Supp. 3d at 320 (incorporating previous analysis from *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579, 616 (E.D. Pa. 2017)); *City of Philadelphia*, 916 F.3d at 288 ("Given its text and structure, 34 U.S.C. § 10102 does not authorize the Attorney General's imposition of the Challenged Conditions.").

Those courts have all agreed that § 10102(a)(6) "is not a 'stand-alone grant of authority to the Assistant Attorney General to attach any conditions to any grants;' rather, such authority

Page 5 -   **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

must come from elsewhere in the chapter or have been delegated by the Attorney General, who may only delegate it to the extent that he has such power himself." *States of New York*, 343 F. Supp. 3d at 228 (*quoting City of Chicago*, 888 F.3d at 285). Put differently, the purpose of § 10102(a)(6) is to allow the Assistant Attorney General to attach conditions to grants whenever Congress has delegated that power to the Attorney General.

Rather than contend with the reasoning of the many courts to have rejected their reliance on § 10102(a)(6), Defendants argue primarily that such an interpretation of § 10102(a)(6) renders the emphasized text "surplusage." Docket No. 29 at 10. But, as many courts have explained, Defendants' reading of § 10102(a)(6) creates such a sweeping authority that it would render many more specific and "limited grants of authority superfluous." *City of Philadelphia*, 916 F.3d at 286 ("If Congress had already given the Attorney General this sweeping authority to withhold all funds for any reason, it would have no need to delineate numerous, specific circumstances under which the Attorney General may withhold limited amounts of funds."). Because Defendants' reading creates vastly more surplusage than what they contend results from Plaintiffs' reading, the cannon against surplusage weighs in favor of Plaintiffs' reading.

Moreover, Plaintiffs' reading of § 10102(a)(6) does not render the above-emphasized text surplusage. Rather, the emphasized text more likely serves the purposes of incorporating certain terms of art applicable to grant funding. For example, the phrase "special conditions" is "a term of art referring to conditions for high-risk grantees with difficulty adhering to grant requirements that does not apply to the challenged conditions." *See States of New York*, 343 F. Supp. 3d at 229 n.9 (internal quotation marks omitted; citing *City of Chicago*, 888 F.3d at 285 n.2 and *City of Philadelphia*, 280 F. Supp. 3d at 617); *City & Cty. of San Francisco*, 349 F. Supp. 3d at 948 n.2 (similar, citing same cases). And as Defendants' own practices show, the "priority purposes" phrase in § 10102(a)(6) is more appropriately interpreted as authorizing Defendants to encourage Byrne JAG recipients to use the funds in certain "areas of emphasis." Docket No. 22 at 18-19. The FY 2017 Byrne JAG solicitation, for example, "encourages each State recipient of an FY

Page 6 -   PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

2017 award to join [Defendants] in addressing" certain law enforcement areas of priority. *Id* at 18.[1]

Finally, Defendants gain nothing by pointing to their prior reliance on § 10102(a)(6) as authority for imposing conditions on grants, without "any indication of congressional concern." Docket No. 29 at 11-12. First, those prior conditions are distinguishable from the conditions challenged here because, as the Third Circuit has observed, none of the other conditions are "blanket requirements with which the grantee must comply under all circumstances"; instead, those conditions apply only if the grantee chooses to use the grant funds in a particular manner. *See City of Philadelphia*, 916 F.3d at 290. Moreover, even if those previous conditions were indistinguishable from the conditions challenged here, the Attorney General "may not bootstrap itself into an area in which it has no jurisdiction by repeatedly violating its statutory mandate." *S.E.C. v. Sloan*, 436 U.S. 103, 119 (1978) (quoting *FMC v. Seatrain Lines, Inc.*, 411 U.S. 726, 745 (1973)).

### B. The Compliance Condition relies on statutes — §§ 1373 and 1644 — that violate the Tenth Amendment.

Defendants next argue that the Compliance Condition is authorized by a statute requiring grantees to certify compliance with "all other applicable Federal laws." Docket No. 29 at 12 (*quoting* 34 U.S.C. § 10153(a)(5)(D)). But the only "applicable" laws that Defendants can identify for substantive support are §§ 1373 and 1644, which cannot be applicable if they are unconstitutional and invalid. *See, e.g.*, *States of New York*, 343 F. Supp. 3d at 231 (explaining that Section 1373 must "not be an 'applicable' law because it is unconstitutional"); *City of Chicago*, 321 F. Supp. 3d at 875 ("Thus, it makes no difference that the Court reads 'all other

---

[1] Defendants would have this Court read "including" to mean "in addition to." But the Ninth Circuit, recognizing the interpretation in *Adams v. Dole*, 927 F.2d 771, 775-77 (4th Cir. 1991), has explained that such an interpretation applies "where the exclusivity of two or more terms requires a broader interpretation to avoid an irrational or absurd result." *Arizona State Bd. for Charter Schools v. United States Dept. of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006). It explained that, "[i]n both legal and common usage the word 'including' is ordinarily defined as a term of illustration, signifying that what follows is an example of the preceding principle." *Id*.

Page 7 -   **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

applicable Federal laws' broadly; no matter the breadth of this provision, it will never capture an unconstitutional statute."). Thus, this argument is no answer to Plaintiffs' Tenth Amendment claim, and this argument gains Defendants nothing if Plaintiffs prevail on their Tenth Amendment claim.

The only question raised by Defendants' argument, then, is one of the core issues in this case — the constitutionality of §§ 1373 and 1644. But Defendants fail to acknowledge that every court to have considered the question under *Murphy v. Nat'l Collegiate Athletic Ass'n*, __ U.S. __, 138 S. Ct. 1461 (2018), has held that § 1373 is unconstitutional, and the reasoning of those cases is equally applicable to § 1644. Although Defendants argue that those statutes can survive *Murphy*'s clear anti-commandeering holding because they are preemptive in nature or govern only information sharing, *see* Docket No. 29 at 14-17, their response adds nothing new to the arguments that other courts have already roundly rejected and to which Plaintiffs have already responded in their motion for summary judgment. Docket No. 21 at 33-37.

In a nutshell, the challenged statutes do precisely what the Tenth Amendment forbids: they tell state legislatures what laws can and cannot be passed. The statutes are particularly egregious in that they prohibit laws (in addition to policies) that would do no more than govern the use of state and local authority and the official activities of state and local personnel.

### C. The challenged conditions violate the Spending Clause.

Defendants next argue that the challenged conditions do not violate the Spending Clause because they are sufficiently clear, unambiguous, and related to the purposes of the Byrne JAG program. Docket No. 29 at 18-22. Here, again, Defendants' arguments have been rejected by each court that has considered them, and Defendants offer no legal or factual reason why this case requires any different analysis. *See City & Cty. of San Francisco*, 349 F. Supp. 3d at 955-61 ("Even if Congress delegated the Spending Power to the Attorney General, the challenged conditions are ambiguous and insufficiently related to the grant or the local criminal justice program purposes of the federal spending."); *City of Philadelphia*, 309 F. Supp. 3d at 325

Page 8 -   PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

(incorporating previous analysis from *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579, 639-47 (E.D. Pa. 2017)).

More importantly, however, this Court need not reach the Spending Clause question if it concludes that the challenged conditions are invalid under a separation-of-powers analysis, which is more straightforward.

### D. The FY 2018 conditions violate separation-of-powers principles.

Defendants next argue that certain immigration-related conditions imposed on FY 2018 Byrne JAG applicants are valid, apart from their arguments in support of the Compliance, Notice, and Access Conditions. Docket No. 29 at 22-23. But first they argue that Plaintiffs fail to challenge any other conditions beyond the Compliance, Notice, and Access Conditions. Docket No. 29 at 23. Defendants ignore that Plaintiffs' prayer for relief — in anticipation of Defendants' likely attempt to impose further immigration-related conditions like those imposed for the first time in FY 2018 — requests an injunction barring Defendants from requiring compliance with "any other conditions relating to federal immigration laws or policy, as a prerequisite to disbursing any of Plaintiffs' congressionally appropriated Byrne JAG funding." Docket No. 3 at 32. Indeed, Plaintiffs' prayer seeks meaningful prospective relief not limited to the 2017 and 2018 fiscal years. FY 2019 applications are currently being solicited subject to the same conditions challenged here and already held invalid by every court to consider them.[2]

The new FY 2018 conditions are no less invalid than the other conditions specifically challenged in this case. Defendants do not dispute that they cannot impose conditions on Byrne JAG funding unless Congress has delegated that authority to the executive. Nor do Defendants dispute that the "Byrne JAG Program is a formula grant program, not a discretionary program,

---

[2] The FY 2018 conditions discussed in Defendants' reply and opposition fall within that request for relief, as do any immigration-related conditions imposed in FY 2019 and beyond. If this Court determines that they do not, and does not grant summary judgment, Plaintiffs should be permitted to amend their complaint to more specifically challenge those conditions.

Page 9 - **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

meaning that Congress has already determined who the recipients are and how much money they receive." *City & Cty. of San Francisco*, 349 F. Supp. 3d at 945.

Instead, Defendants continue their search for some statutory provision that might support even a hint of congressional delegation of authority to condition the receipt of Byrne JAG funds. But as many courts have already explained, and as Plaintiffs set forth in their motion for summary judgment, *see* Docket No. 21 at 42-45, the delegation of such broad authority to the Attorney General would be inconsistent with the overall text and structure of the Byrne JAG program, which is at its core a mandatory formula grant. *See generally City of Philadelphia*, 916 F.3d at 290 (rejecting statutory readings that would "undermine[] the predictability and consistency embedded in the program's design, thus turning the formula grant into a discretionary one").

Moreover, as the Third Circuit recently explained, Defendants' view of the Byrne JAG program cannot be squared with a statute found in "the 'Administrative Provisions' Section of the same chapter of the code as" the statutes governing Byrne JAG funds. *See City of Philadelphia*, 916 F.3d at 290-91. That statute provides:

> Nothing in this chapter or any other Act shall be construed to authorize any department, agency, officer, or employee of the United States to exercise any direction, supervision, or control over any police force or any other criminal justice agency of any State or any political subdivision thereof.

34 U.S.C. § 10228. In light of that statute and the Byrne JAG program's general framework, courts should not infer any delegation of condition-making authority in the absence of a clear statute unambiguously reflecting congressional intent to delegate such authority.

Defendants have identified no such clear and unambiguous delegation here. First, they point again to § 10102(a)(6), which is insufficient for reasons set forth above and in Plaintiffs' motion for summary judgment. Docket No. 29 at 23. Next, defendants point to § 10102(a)(2)'s requirement that the Assistant Attorney General shall "maintain liaison with" state and local governments. Docket No. 29 at 23. That statute does not reflect a delegation of condition-making authority for many of the same reasons that such authority cannot be found in

Page 10 - **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

§ 10102(a)(6): "Congress * * * does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions — it does not, one might say, hide elephants in mouse holes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468, 121 S. Ct. 903 (2001). Moreover, as a purely textual matter, a grant of authority to *maintain* liaison with state and local is not the same as a grant of authority to *require* liaison with state and local governments. Indeed, the imposition of top-down requirements from the federal government would be squarely at odds with the purpose of the Byrne JAG program, which was intended to provide state and local governments with the "flexibility to spend money for programs that work for them rather than to impose a 'one size fits all' solution." *See City & Cty. of San Francisco*, 349 F. Supp. 3d at 946, 959 (*quoting* H.R. Rep. 109–233, at 89 (2005), reprinted in 2005 U.S.C.C.A.N. 1636, 1640).

Finally, Defendants ask this court to infer condition-making authority from a statute providing the Attorney General with authority to require the "form" of any application for Byrne JAG funds. But "the Attorney General's authority to determine the 'form' of the application does not include the ability to dictate the 'substance' of which laws an applicant must comply with as a condition of grant funding." *States of New York*, 343 F. Supp. 3d at 230. Authority to establish the form of an application does not support inferring authority to impose the sort of conditions that would convert a mandatory formula grant into a discretionary one.

### III.  A nationwide injunction is the appropriate remedy.

Defendants argue that because Plaintiffs' grants are not affected by what other Byrne JAG recipients receive, Plaintiffs have not demonstrated they need nationwide relief to be made whole. That was merely a secondary issue. Defendants fail to respond to Plaintiff' primary basis for seeking a nationwide injunction.

Plaintiffs' argument is not that their grants would be affected by what other grantees receive. Plaintiffs' argument is that the federal government has acted in an identical way in each circumstance across the nation, that there has now been considerable litigation, and that that

Page 11 -  PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947 -4791

litigation has, in each and every instance, produced the same result: an injunction against the actions of the Defendants.

Defendants cite a concurrence in *Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018), for the proposition that nationwide injunctions "prevent[ ] legal questions from percolating through the federal courts, encouraging forum shopping." *Id.* There is no such concern here.

In each of the cases that have come to a decision thus far, each has been independently brought by an affected state or city within their resident federal district court. Each has been an independent decision. *City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018), *reh'g en banc granted in part, opinion vac'd in part*, 17-2991, 2018 WL 4268817 (June 4, 2018), *reh'g vac'd*, 17-2991, 2018 WL 4268814 (Aug. 10, 2018); *City & Cty. of San Francisco v. Sessions*, 18-cv-05146-WHO, 2019 WL 1024404 (N.D. Cal. Mar. 4, 2019);[3] *City & Cty. of San Francisco v. Sessions*, 349 F. Supp. 3d 924 (N.D. Cal. 2018); *States of New York, Connecticut, New Jersey, Rhode Island, and Washington and Commonwealths of Massachusetts and Virginia v. Whitaker*, 343 F. Supp. 3d 213 (S.D.N.Y. 2018); *City of Chicago v. Sessions*, 321 F. Supp. 3d 855 (N.D. Ill. 2018); *City of Philadelphia v. Sessions*, 309 F. Supp. 3d 289 (E.D. Pa. 2018), *aff'd in part, City of Philadelphia v. Attorney Gen. of United States of Am.*, 916 F.3d 276 (3d Cir. 2019); *see also City of Los Angeles v. Sessions*, 293 F. Supp. 3d 1087 (C.D. Cal. 2018) (CHP grants, similar conditions).

There can be no concern here about forum shopping.

As to the concern about taking a toll on the court system, given the history of the litigation across the nation to date, it is a *failure* to grant a nation-wide injunction that would create such a toll, requiring ongoing litigation in any number of courts. The nationwide injunction, conversely, would allow the completion of the "percolation" process, and allow for appropriate appellate review, bringing finality and certainty to the legal questions at issue.

---

[3] The Northern District of California in fact granted a nationwide injunction, but stayed its nationwide scope. Given the further development of the case law all with the same outcome, Plaintiffs suggest this is the point at which a sty is no longer appropriate.

Page 12 -  **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

As to the underlying injunction itself, Defendants, interestingly, simply do not respond to the argument that the elements required for an injunction have been met. Defendants contend the conditions are valid and lawful, but, if this court finds, as has each prior court considering the questions, that they are not, Defendants essentially concede injury, inadequacy of legal remedies, a favorable balance of hardships for Plaintiffs and that the public interest required an injunction. As this Court recently noted, "There is generally no public interest in the perpetuation of unlawful agency action." *Oregon v. Azar*, 6:19-cv-00317-MC, Docket No. 142 at 30 *quoting League of Women Voters of US v.* Newby, 838 F.3d 1, 12 (D.C. Cir. 2016). Thus all the required elements are met. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006). Accordingly, Defendants do not contest that an injunction should issue.

That leaves, then, only the question of whether that injunction should affect only the parties or be nationwide in scope. As to that, Defendants argue only that a nationwide injunction risks conflicting with any orders entered by other district courts. Docket No. 29 at 26. However, Defendants cannot point to any actual conflict because, to date, there is none. Defendants have yet to prevail in any of the litigation. Nor is the fact that there is other, pending litigation a harm to Defendants, who offer no other justification for limiting the geographic scope of the injunction. As one court noted, there is no harm in simply having to pay money Congress has already allocated. *City of Philadelphia v. Sessions*, 309 F. Supp. 3d 289, 341 (E.D. Pa 2018).

It is precisely this uniformity of outcomes that argues for judicial efficiency by resolving the numerous and essentially identical challenges in a single court action. The scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class. *California v. Yamasaki*, 442 U.S. 682, 702 (1979). Here, it is beyond dispute that the actions of Defendants occur in a uniform pattern across the nation.

This Court should not allow Defendants to continue to force every eligible Byrne JAG recipient to choose between (1) acquiescing to unlawful conditions, (2) foregoing federal funds to which they are statutorily entitled or (3) bringing redundant litigation asking yet another court

Page 13 -  **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947 -4791

to tell Defendants what Defendants already know very well: the immigration-related conditions they have attached to Byrne JAG funds are unlawful. The situation requires a nationwide remedy.

## CONCLUSION

For the foregoing reasons, this court should deny Defendants' motion to dismiss and grant summary judgment on all of Plaintiffs' claims.

DATED May 28, 2019.

          Respectfully submitted,

          ELLEN F. ROSENBLUM
          Attorney General


          *s/ Marc Abrams*
          MARC ABRAMS #890149
          Assistant Attorney-in-Charge
          TIMOTHY SMITH #914374
          Senior Assistant Attorney General
          PEENESH SHAH #112131
          Assistant Attorney General
          JUSTIN KIDD #094070
          Assistant Attorney General
          Trial Attorneys
          Tel (503) 947-4700
          Fax (503) 947-4791
          Marc.Abrams@doj.state.or.us
          Tim.Smith@doj.state.or.us
          Peenesh.H.Shah@doj.state.or.us
          Justin.Kidd@doj.state.or.us
              Of Attorneys for Plaintiffs State of Oregon,
              Kate Brown and Ellen Rosenblum


          TRACY P. REEVE #891123
          Portland City Attorney

          *s/ Tracy P. Reeve*
          DENIS M. VANNIER #044406
          Senior Deputy City Attorney
          NAOMI SHEFFIELD #170601
          Deputy City Attorney
          Tel: (503) 823-4047
          Fax: (503) 823-3089
          Denis.Vannier@portlandoregon.gov

Page 14 -  **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2

Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700 / Fax: (503) 947-4791

Naomi.Sheffield@portlandoregon.gov
Of Attorneys for Plaintiff City of Portland

Page 15 - **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
MA/crr/9616629-v2