IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE STATE OF OREGON, KATE BROWN, Governor; ELLEN ROSENBLUM, Attorney General; and THE CITY OF PORTLAND,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United State, in his official capacity; WILLIAM P. BARR, Attorney General of the United States, in his official capacity; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 6:18-cv-01959-MC<br><br>**JOINT STATEMENT REGARDING PROPOSED JUDGMENT AND ORDER** |

## INTRODUCTION

Pursuant to the Court's Opinion and Order, Docket No. 36 ("Opinion"), the parties conferred regarding a proposed form for the judgment in this matter. Unfortunately, the parties could not agree on the final form with the exception of the correction of typographical errors. As a result, and at the Court's request, the parties submit this joint statement explaining their disagreements. Accordingly, attached as Exhibit A is Plaintiffs' proposed Judgment and Order. Attached as Exhibit B is Defendants' proposed Judgment and Order in "track changes" format. Attached as Exhibit C is the Judgment and Order entered in the matter *State of California v. Barr*, Case No. 3:18-cv-05146-WHO (N.D. Cal. Mar. 26, 2019) (the "*CA v. Barr* Order"). Finally, attached as Exhibit D is the Partial Judgment of Injunction and Writ of Mandamus entered in *City of Providence v. Sessions*, 1:18-cv-00437-JJM-LDA (D. R. I. June 27, 2019) (ECF No. 35) (the "*Providence v. Barr* Judgment").

**EXPLANATION OF DISAGREEMENTS**

1) First Declaration. On page 3 of Exhibit A, in the Declaration section of the proposed Judgment, Plaintiffs propose the following language: "The Immigration Enforcement Requirements are unconstitutional and unlawful because they exceed the congressional authority conferred on the Executive Branch and are ultra vires on their face." Exhibit A at 3. Defendants propose deleting the phrase "unconstitutional and" from the sentence. Exhibit B at 3.

Plaintiffs' Position: Plaintiffs specifically raised a facial challenge to Sections 1373 and 1644, and in the Opinion, the Court held that "Sections 1373 and 1644 violate the Tenth Amendment." Opinion at 35. The Court further held that "Defendants lack the delegated authority to impose the Notice and Access Conditions," and that "Defendants infringed upon the authority reserved to Congress under the Spending Clause of the U.S. Constitution." *Id.* at 21, 30. The Court reached an identical conclusion as to the Disclosure Condition. *Id.* at 34. Under these circumstances, it is proper and appropriate to use the term "unconstitutional."

In addition, the Declaration portion of Plaintiffs' proposed Judgment mirrors the format for the declaration issued by Judge Orrick in the *CA v. Barr* Order. Exhibit C at 2:21-23. Plaintiffs suggest that using language that parallels the format of *CA v. Barr* Order, wherever possible, will produce a consistency of results within the circuit. Finally, Defendants rely on the *Providence v. Barr* Judgment (Exhibit D), but that order fails to provide guidance here. In *Providence v. Barr*, the court specifically declined to address Plaintiffs' facial challenge to Section 1373. City of Providence v. Barr, 385 F. Supp. 3d 160, 163 (D.R.I. 2019)("The Court focuses its analysis on the threshold issue: whether statutory authority existed to authorize the Attorney General to enact the Challenged Conditions. If statutory authority was lacking, then the Court need not reach the other claims.")

Defendants' position: Plaintiffs have challenged the application of Sections 1373 and 1644 to them as conditions for receiving federal grant funds under the Byrne JAG program. By receiving an injunction against being required to comply with those statutes in order to receive

their FY 2017 and 2018 Byrne JAG funds, and a writ of mandamus compelling the Department of Justice to issue their grant awards, Plaintiffs have received complete relief from the application of those statutes to them in this case. To the extent Plaintiffs seek a declaratory judgment, that judgment should be similarly limited to the application of Sections 1373 and 1644 to the Byrne JAG program. A declaratory judgment about the facial constitutionality of those statutes is wholly unnecessary to provide Plaintiffs with relief in this suit. That is especially true where, as here, the only way in which those statutes have been applied or enforced against Plaintiffs is as a condition on federal funds under the Byrne JAG program; Plaintiffs have identified no other way in which those statutes have been applied to them so as to justify a declaratory judgment. This Court therefore should only deal with the issue of the Byrne JAG program squarely in front of it, refraining from issuing a judgment that is broader than necessary to make the plaintiffs whole. This would mirror the action of another district court in a recent Byrne JAG case. *See Providence v. Barr* Judgment (Exhibit D)(enjoining the application of Section 1373 in the Byrne JAG program despite Plaintiffs' constitutional challenges against the statute).

2) Second Declaration. On page 2 of the proposed Judgment, in the second Declaration, Plaintiffs propose the following language: "8 U.S.C. §§ 1373 and 1644 are unconstitutional on their face under the Tenth Amendment of the United States Constitution." Exhibit A at 3. Defendants propose deleting the phrase "unconstitutional on their face under the Tenth Amendment of the United States Constitution," and adding "unenforceable in relation to the Byrne JAG program." Exhibit B at 3.

Plaintiffs' position: Again, Plaintiffs raised a facial challenge to Sections 1373 and 1644, and the Court held that "Sections 1373 and 1644 violate the Tenth Amendment." Opinion at 35. Plaintiffs' proposed Declaration accurately states the Court's opinion. In addition, with respect to Section 1373, Plaintiffs' proposed Declaration also mirrors the language of the *CA v. Barr* Order. Exhibit C at 2:27-28. Finally, Defendants' citation to the *Providence v. Barr* Judgment

can be disregarded because that court specifically declined to address Plaintiffs' facial challenge to Section 1373.  *City of Providence v. Barr*, 385 F. Supp. 3d at 163.

Defendants' position:  Defendants incorporate their explanation of their position in the first disagreement above.  For the same reasons as stated above, this Court may provide complete relief to the plaintiffs without entering a declaratory judgment regarding the constitutionality of Sections 1373 and 1644.

3) Permanent Injunction Element 4.  On page 4 of Plaintiffs' proposed Judgment, in element 4 of the Permanent Injunction, Plaintiffs propose the following language: "Enforcing 8 U.S.C. §§ 1373 and 1644's statutory obligations against any Oregon state entity, the City of Portland, or any Oregon political subdivision."  Exhibit A at 4.  Defendants propose adding the language "in relation to the Byrne JAG program", between the words "obligations" and "against."  Exhibit B at 4.

Plaintiffs' position:  Again, the Court's opinion was clear.  Sections 1373 and 1644 violate the Tenth Amendment.  The Court did not find the statutes to be unconstitutional as applied.  Instead, the Court found Sections 1373 and 1644 to be facially invalid.  *See, e.g.*, Michael C. Dorf, *Facial Challenges to State and Federal Statutes*, 46 Stan.  L. Rev. 236 (1994).

Defendants' position:  Defendants incorporate their explanation of their position in the first disagreement above.  For the same reasons as stated above, this Court may provide complete relief to the plaintiffs without entering a declaratory judgment regarding the constitutionality of Sections 1373 and 1644.

4) Mandatory Injunction element 1.  On page 4 of Plaintiffs' proposed Judgment, in element 1 of the Mandatory Injunction, Plaintiffs propose the following language: "The Court hereby **ORDERS** Defendants to issue to Plaintiffs without further delay the FY 2017 Byrne JAG awards and the FY 2018 Byrne JAG awards, without enforcement of the enjoined conditions, and to disburse Byrne JAG funds, upon a jurisdiction's acceptance of the award, to the Oregon Criminal Justice Commission, the City of Portland, and all Oregon political subdivisions that

applied for Byrne JAG awards for FY 2017 and/or FY 2018." Exhibit A at 4. Defendants proposed deleting the words "without further delay." Exhibit B at 5.

Plaintiffs' position: Given that the FY 2017 funds are now two years overdue, it does not seem unreasonable to request that Plaintiffs' Byrne JAG funds be tendered without further delay. In addition, Plaintiffs' proposed language mirrors the language that Judge Orrick used in the *CA v. Barr* Order. Exhibit C at 3:28. Defendants express concern about Plaintiffs' compliance with the other unchallenged Byrne JAG conditions, but at no point in this action did Defendants ever allege that Plaintiffs have failed to observe the unchallenged conditions in the past, and in fact, it is undisputed that before FY 2017, Plaintiffs had received Byrne JAG funds every year since the program's creation in 2005.

Defendants' position: Defendants believe that the term "without further delay" is ambiguous and indefinite. Moreover, there are other, unchallenged conditions that the plaintiffs must comply with in order to receive Byrne JAG funds. The term "without further delay" could be interpreted to require immediate funding even if other, unchallenged conditions have not been fulfilled by the plaintiffs. Defendants propose, instead, language requiring issuance of Byrne JAG funds without regard to the challenged conditions, which complements language already proposed by Plaintiffs requiring the processing of funding requests in the "ordinary course." This will ensure that all other valid, unchallenged conditions are observed, and such language was used recently by another district court in a similar Byrne JAG case. *See Providence v. Barr* Judgment (Exhibit D).

5) <u>Defendants' Order-limiting Language</u>. On page 5 of Defendants' proposed Judgment, Defendants proposed adding the following additional language: "provided, however, that nothing in this Order shall relieve any jurisdiction from its obligation to provide certification of, and compliance with, any other condition of the awards other than the Immigration Enforcement Requirements, and Defendants are not required to disburse the awards until such other conditions for disbursement are met. Nothing in this Order shall impair, affect, or relieve the jurisdictions

or any other Byrne JAG award recipient within the District of Oregon from the obligation to certify and comply with any and all other grant conditions apart from the Immigration Enforcement Requirements, nor shall it impair Defendants' ability to enforce the conditions in the awards other than the Immigration Enforcement Requirements."

<u>Plaintiffs' Position</u>:  Plaintiffs object to this addition.  At no point did Defendants seek any affirmative relief before the Court granted Plaintiffs' motion for summary judgment, and yet, Defendants now seek to place a new and unsought affirmative burden on Plaintiffs, the prevailing party.  Defendants should not now be allowed to seek affirmative relief by proposing terms for the Judgment after the Court granted summary judgment in favor of Plaintiffs.  With the exception of the provisions moved against, Plaintiffs have not objected to or opposed any other terms or conditions in the Byrne JAG grants.  At no point in this action did Defendants ever allege that Plaintiffs have failed to observe the unchallenged conditions in the past, and in fact, it is undisputed that before FY 2017, Plaintiffs had received Byrne JAG funds every year since the program's creation in 2005.  Accordingly, Defendants' proposal represents an unnecessary reinforcement of a breach not committed and a request for a grant of powers not needed.  In the absence of a claim for affirmative relief, Defendants are not entitled to any affirmative remedies.

<u>Defendants' position</u>:  Defendants do not seek to place new or unsought affirmative burdens on the plaintiffs, and Defendants' proposed language does no such thing.  Rather, Defendants seek to ensure that Plaintiffs comply with all other valid, unchallenged conditions contained in the Byrne JAG program.  Defendants' proposed language does this, and it also mirrors language used recently by another district court in a similar Byrne JAG case.  *See Providence v. Barr* Judgment (Exhibit D).

6) <u>Mandatory Injunction element 2</u>.  On page 5 of Plaintiffs' proposed Judgment, in element 2 of the Mandatory Injunction, Plaintiffs propose the following language: "After the jurisdiction or entity accepts the FY 2017 and/or FY 2018 awards, Defendants are further

**ORDERED** to process and approve the jurisdiction's requests for drawdowns of the jurisdiction's FY 2017 and/or FY 2018 Byrne JAG funds as it would in the ordinary course, and without regard to the enjoined conditions, compliance with 8 U.S.C. §§ 1373 and 1644, or whether the jurisdiction spent its own money on the program or activity funded." Exhibit A at 5. Defendants propose striking the phrase "or whether the jurisdiction spent its own money on the program or activity funded." Exhibit B at 5.

Plaintiffs' position: Plaintiffs' proposed language tracks the language used in the *CA v. Barr* Order. Exhibit C at 4:6-10. Moreover, because Plaintiffs have experienced significant delay in receipt of their awards, they should not be penalized for having continued to fund programs or activities while awaiting the awards. To delete Plaintiffs' language would appear to create a condition that would relieve the United States of its responsibility to process and approve disbursements depending on Plaintiffs' activity. As with Disagreement No. 5, above, Defendants appear to be asking for affirmative relief from the Court on a matter not in dispute and never raised before this Court. Finally, Defendants express concern about Plaintiffs' compliance with the other unchallenged Byrne JAG conditions, but at no point in this action did Defendants ever allege that Plaintiffs have failed to observe the unchallenged conditions in the past, and it is undisputed that before FY 2017, Plaintiffs had received Byrne JAG funds every year since the program's creation in 2005.

Defendants' position: Defendants do not seek affirmative relief, but rather, seek to ensure compliance with the other, unchallenged conditions of the Byrne JAG program. Defendants are concerned that the language "or whether the jurisdiction spent its own money on the program or activity funded" will interfere with the unchallenged requirement of 34 U.S.C. § 10153(A)(1), which requires JAG funds to supplement existing programs that grantees are already funding. The proposed language could be read to override this statutory command, allowing a grantee to use JAG funds to entirely replace state or local funding of programs which would conflict with the statute.

7) <u>Costs and Expenses</u>.  On page 5 of their proposed Judgment, Plaintiffs include the language: "**COSTS.**  Plaintiffs are awarded their reasonable costs and expenses pursuant to 28 U.S.C. §§ 1920 and 2412.  Plaintiffs will file a motion pursuant to Fed. R. Civ. P. 54 no later than 14 days after the entry of judgment."  Exhibit A at 5.  Defendants would delete that language.  Exhibit B at 5-6.

<u>Plaintiffs' position</u>:  Plaintiffs are prevailing parties in an action against the United States, and the cited statutes, 28 U.S.C. §§ 1920 and 2412, specifically envision the award of costs and expenses under such circumstances.  Plaintiffs are entitled to an award of their reasonable costs and expenses.

<u>Defendants' position</u>:  The Court's recent opinion is silent regarding the awarding of costs in this matter.  Defendants believe that the proper route for Plaintiffs' to claim costs is to file a motion under Fed. R. Civ. P. 54.

## CONCLUSION

The parties submit these differences for resolution by this Court.

DATED August 28, 2019.

                                            Respectfully submitted,

                                            ELLEN F. ROSENBLUM
                                            Attorney General

                                            <u>    s/Timothy D. Smith    </u>
                                            MARC ABRAMS #890149
                                            Assistant Attorney-in-Charge
                                            TIMOTHY D. SMITH  #914374
                                            Senior Assistant Attorney General
                                            PEENESH SHAH  #112131
                                            Assistant Attorney General
                                            Tel (503) 947-4700
                                            Fax (503) 947-4791
                                            Marc.Abrams@doj.state.or.us
                                            Tim.Smith@doj.state.or.us
                                            Peenesh.H.Shah@doj.state.or.us
                                            Of Attorneys for Plaintiffs State of Oregon,
                                            Kate Brown and Ellen Rosenblum

TRACY P. REEVE  #891123
Portland City Attorney

   *s/ Tracy P. Reeve*
DENIS M. VANNIER  #044406
Senior Deputy City Attorney
NAOMI SHEFFIELD  #170601
Deputy City Attorney
Tel: (503) 823-4047
Fax: (503) 823-3089
Denis.Vannier@portlandoregon.gov
Naomi.Sheffield@portlandoregon.gov
   Of Attorneys for Plaintiff City of Portland

JOSEPH H. HUNT
Assistant Attorney General

BILLY J. WILLIAMS
United States Attorney

JOHN TYLER
Assistant Director

<u>/s/ Daniel D. Mauler</u>
DANIEL D. MAULER
Virginia State Bar No. 73190
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20001
Tel: (202) 514-8095
Fax: (202) 616-8470
E-mail: dan.mauler@usdoj.gov

*Counsel for Defendants*