1   XAVIER BECERRA
    Attorney General of California
2   MICHAEL L. NEWMAN
    Senior Assistant Attorney General
3   SARAH E. BELTON
    Supervising Deputy Attorney General
4   GARRETT M. LINDSEY
    CHEROKEE DM MELTON
5   LEE I. SHERMAN (SBN 272271)
    Deputy Attorneys General
6    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
7    Telephone:  (213) 269-6404
     Fax:  (213) 897-7605
8    E-mail:  Lee.Sherman@doj.ca.gov
    *Attorneys for Plaintiff State of California*

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14

| | |
|---|---|
| 15 **STATE OF CALIFORNIA, ex rel, XAVIER BECERRA, in his official capacity as Attorney General of the State of California,** | **JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT** |
| 16 | |
| 17 Plaintiff, | Judge:          Honorable William H. Orrick |
| v. | Trial Date:     None Set |
| 18 | Action Filed:  August 23, 2018 |
| 19 **WILLIAM P. BARR, in his official capacity as Attorney General of the United States, *et al.*,** | |
| 20 | Case No. 18-cv-5169-WHO |
| 21 Defendants. | |
| 22 **CITY AND COUNTY OF SAN FRANCISCO,** | |
| 23 | |
| 24 Plaintiff, | |
| v. | |
| 25 **WILLIAM P. BARR, in his official capacity as Attorney General of the United States, *et al.*,** | |
| 26 | |
| 27 Defendants. | Case No. 18-cv-5146-WHO |
| 28 | |

1    Plaintiffs challenged five requirements for FY 2018 Edward Byrne Memorial Justice

2    Assistance Grants, herein referred to as the FY 2018 Immigration Enforcement Requirements,

3    found in paragraphs 41, 42, 43, 44, 45, 46, and 47 of Exhibit D of the Request for Judicial Notice

4    filed by Defendants as Docket Number 25-1 in *State of California, ex rel, Xavier Becerra v.*

5    *Whitaker*, No. 18-cv-5169, and paragraphs 41, 42, 43, 44, 45, 46, and 47 of Exhibit C of the

6    Request for Judicial Notice filed by Defendants as Docket Number 27-1 in *City and County of*

7    *San Francisco v. Whitaker*, No. 18-cv-5146.  On December 21, 2018, Plaintiff State of California,

8    ex rel., Xavier Becerra, California Attorney General ("the State" or "California") and Plaintiff

9    City and County of San Francisco ("San Francisco") (collectively, "Plaintiffs") filed Motions for

10   Summary Judgment ("Plaintiffs' Motions").  On December 3, 2018 Defendants filed a Partial

11   Motion to Dismiss and Partial Motion for Summary Judgment ("Defendants Motion," collectively

12   with Plaintiffs' Motions, "the Motions").  A hearing on the Motions was held on February 13,

13   2019, at 2:00 p.m.

14    On March 4, 2019, I granted Plaintiffs' Motions and denied Defendants' Motion (CA Dkt.

15   No. 47; SF Dkt. No. 60).  Pursuant to Federal Rule of Civil Procedure 58, I hereby ENTER

16   judgment in favor of Plaintiffs and against Defendants, and grant the following relief as set forth

17   below:

18   <center>**DECLARATION**</center>

19    The Court finds declaratory relief under 28 U.S.C. § 2201 is appropriate in this case.  It is

20   hereby DECLARED that:

21    1.    The FY 2018 Immigration Enforcement Requirements are unconstitutional and

22         unlawful because they: (i) exceed the congressional authority conferred on the

23         Executive Branch and are ultra vires on their face; (ii) they exceed Congress's

24         spending powers under Article I of the Constitution to the extent Congress conferred

25         authority on the Attorney General; and (iii) they violate the Administrative Procedure

26         Act.

27    2.    8 U.S.C. § 1373 is unconstitutional on its face under the Tenth Amendment of the

28         United States Constitution.

<center>1</center>

**PERMANENT INJUNCTION**

The Court also finds that each of the necessary elements for issuing a permanent injunction is met.  In particular, the Court finds that Plaintiffs have succeeded on the merits of their claims and that absent an injunction Plaintiffs would suffer irreparable injury; the balance of equities favor Plaintiffs; and the requested relief is in the public interest.  Pursuant to Federal Rule of Civil Procedure 65, it is now ORDERED that Defendants ARE HEREBY RESTRAINED AND ENJOINED from committing, performing, directly or indirectly, the following acts:

1.  Using the FY 2018 Immigration Enforcement Requirements as conditions for Byrne JAG funding for any California state entity, San Francisco, any California political subdivision, or any jurisdiction in the United States.

2.  Withholding, terminating, or clawing back JAG funding from, or disbarring or making ineligible for JAG, any California state entity, San Francisco, any California political subdivision, or any jurisdiction in the United States on the basis of the FY 2018 Immigration Enforcement Requirements.

3.  Withholding, terminating, or clawing back JAG funding from, or disbarring or making ineligible for JAG, any California state entity or any California political subdivision on account of any grant condition challenged in this lawsuit and based on California Government Code section 7282 *et seq.* (the "TRUST Act"); California Government Code section 7283 *et seq.* (the "TRUTH Act"); California Government Code section 7284 *et seq.* (the "Values Act").

4.  Enforcing 8 U.S.C. § 1373's statutory obligations against any California state entity or political subdivision.

Consistent with my March 4, 2019 Order granting Plaintiffs' Motions, it is now ORDERED that the nationwide aspect of the permanent injunctive relief set forth above is STAYED until further rulings from the Ninth Circuit.

**MANDATORY INJUNCTION**

As set forth in my March 4, 2019 Order, I found all the necessary elements for issuing California mandamus relief are met.  I hereby ORDER defendants to issue without further delay

2

1    the fiscal year 2018 JAG awards, without enforcement of the enjoined conditions, and JAG

2    funding, upon a jurisdiction's acceptance of the award, to the California Board of State and

3    Community Corrections, and all California political subdivisions that applied for JAG awards for

4    fiscal year 2018.  Acceptance of the FY 2018 awards by the California Board of State and

5    Community Corrections or any California political subdivision shall not be construed as

6    acceptance of the enjoined conditions.  After the jurisdiction or entity accepts the fiscal year 2018

7    award, Defendants are further ORDERED to process and approve the jurisdiction's requests for

8    drawdowns of the jurisdiction's fiscal year 2018 JAG funds as it would in the ordinary course,

9    and without regard to the enjoined conditions, compliance with 8 U.S.C. § 1373, or whether the

10    jurisdiction spent its own money on the program or activity funded.

11    **IT IS SO ORDERED**

12    DATED: March 26, 2019

13
14    Hon. William H. Orrick
      United States District Judge
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3