IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CITY OF PROVIDENCE, *et al.*,

Plaintiffs,

v.

WILLIAM P. BARR, *et al.*,

Defendants,

Civil Action No.
CA-18-437-JJM-LDA

## PARTIAL JUDGMENT OF INJUNCTION AND WRIT OF MANDAMUS

Pursuant to, and for the reasons set forth in, this Court's Memorandum and Order of June 10, 2019 (Docket No. 30), granting the City of Providence and the City of Central Falls' (the "Cities") Motion for Summary Judgment (Docket No. 20) and application for a Writ of Mandamus, with respect to the Fiscal Year 2017 Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") award claims at issue in this litigation, it is ORDERED, ADJUDGED, and DECREED as follows:

1. With respect to any Byrne JAG award for Fiscal Year 2017 (a "FY2017 Award") made to any recipient within the District of Rhode Island, the Department of Justice ("DOJ") is permanently enjoined from enforcing any special condition on a recipient's FY2017 Award that imposes or requires any of the following (the "Enjoined Conditions") as a condition of eligibility for, or receipt of, FY 2017 Byrne JAG award funds:

   a. That a Byrne JAG award recipient provide federal immigration enforcement agents with access to the recipient's correctional facilities (the "Access Condition");

   b. That a Byrne JAG award recipient provide federal immigration enforcement agents with notice of a scheduled release of a suspected alien in custody (the "Notice Condition"); and

   c. That a Byrne JAG award recipient not restrict, in contravention of 8 U.S.C. §1373(a), the sharing, maintenance, or exchange of information regarding citizenship or immigration status with federal immigration enforcement authorities (the "1373 Condition");

2. DOJ is mandated to disburse the Cities' FY2017 Awards, specifically:

| Award No. | Award Recipient | Grant Award Amt. |
|---|---|---|
| 2017-DJ-BX-0398 | City of Providence | $212,112.00 |
| 2017-DJ-BX-0951 | City of Central Falls | $28,677.00 |

These disbursements shall be made despite the Cities' failure to certify compliance with the Access Condition, the Notice Condition, or the 1373 Condition as set forth in the award documents for the Cities' FY2017 Awards; provided, however, that nothing in this Order shall relieve the Cities' from their obligations to provide certification of, and compliance with, any other condition of the Cities' FY2017 Awards other than the Enjoined Conditions, and DOJ is not required to disburse the Cities' FY2017 Awards until such other conditions for disbursement are met. Acceptance of FY2017 Award funds by the Cities shall not be construed as acceptance of the Enjoined Conditions;

3. In their acceptance of the FY2017, the Cities may include notations or additional pages indicating that they are not certifying compliance with the Access Condition, the Notice Condition, and the 1373 Condition so long as this Court's Order remains in effect;

4. DOJ must process and approve the Cities' requests for drawdowns of their respective FY 2017 Byrne JAG funds as it would in the ordinary course and without regard to the Enjoined Conditions.

5. Nothing in this Order shall impair, affect, or relieve the Cities or any other FY2017 Byrne JAG award recipient within the District of Rhode Island from the obligation to certify and comply with any and all other grant conditions apart from the Access Condition, the Notice Condition, and the Section 1373 Condition, nor shall it impair DOJ's ability to enforce the conditions in the Cities' FY 2017 Awards other than the Access Condition, the Notice Condition, and the Section 1373 Condition;

6. The Cities' rights to seek reasonable costs, including attorneys' fees, for this matter and any future related proceedings, are reserved.

7. Because the Cities have demonstrated a need for the funds contained in the FY2017 Award, and because this Court's resolution of the remaining issues in this case is unlikely to affect the FY2017 Award, the Court hereby finds that there is no just reason to delay entry of partial judgment. Pursuant to Federal Rule of Civil Procedure 54(b), judgment shall enter forthwith in favor of the Cities with respect to their claims concerning the FY2017 Awards.

**SO ORDERED:**

JUNE 27, 2019

HON. JOHN J. McCONNELL, Jr.
UNITED STATES DISTRICT JUDGE