IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE STATE OF OREGON, KATE BROWN, Governor; ELLEN ROSENBLUM, Attorney General; and THE CITY OF PORTLAND,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United State, in his official capacity; WILLIAM P. BARR, Attorney General of the United States, in his official capacity; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 6:18-cv-01959-MC<br><br>**JUDGMENT AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART, AND ISSUING INJUNCTIONS AND MANDAMUS** |

MCSHANE, Judge:

This case comes before the Court on Defendants' Motion to Dismiss (ECF No. 14), and Plaintiffs' Combined Motion for Summary Judgment and Response to Defendants' Motion to Dismiss (ECF No. 21) (collectively the "Motions"). After considering the Motions together with the supplemental briefs, pleadings, declarations, and exhibits (ECF Nos. 3, 15, 22-25, 29-30), and after hearing the parties arguments at oral argument, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.    In the First Amended Complaint (ECF No. 3), Plaintiffs challenge five requirements for fiscal year ("FY") 2017 and seven requirements for FY 2018 Edward Byrne Memorial Justice Assistance Grants ("Byrne JAG"), herein referred to as the "Immigration

Page 1 -   **JUDGMENT AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART, AND ISSUING INJUNCTIONS AND MANDAMUS**

Enforcement Requirements." The Immigration Enforcement Requirements at issue are found in paragraphs 52, 53, 54, 55, and 56 of Exhibit C to the Request for Judicial Notice filed by Defendants as ECF No. 15 at pages 62-66, in paragraphs 52, 53, 54, 55, and 56 of Exhibit D to ECF No. 15 at pages 91-95, and in paragraphs 41, 42, 43, 44, 45, 46, and 47 of Exhibit E of ECF No. 15 at pages 116-122.

2. On March 5, 2019, Defendants' filed Defendants' Motion to Dismiss (ECF No. 14) and Defendants' Request for Judicial Notice (ECF No. 15) (collectively, "Defendants' Motion").

3. On April 8, 2019, Plaintiffs filed Plaintiffs' Combined Motion for Summary Judgment and Response to Defendants' Motion to Dismiss (ECF No. 21) and supporting declarations and exhibits (ECF Nos. 22-25) (collectively, "Plaintiffs' Motion").

4. On July 26, 2019, the Court held a hearing on Defendants' Motion and Plaintiffs' Motion and heard the arguments by counsel.

5. On August 8, 2019, the Court issued its Opinion and Order (ECF No. 36) denying Defendants' Motion and granting Plaintiffs' Motion in part. The Court concluded that Plaintiffs have standing to pursue their claims and that Plaintiffs' claims are ripe for judicial review. The Court further concluded that Defendants lack the delegated authority to impose the Immigration Enforcement Requirements and that by doing so, Defendants infringed upon the authority reserved to Congress under the Spending Clause of the U.S. Constitution. Finally, the Court found that 8 U.S.C. §§ 1373 and 1644 violate the Tenth Amendment.

Based on its findings and conclusions, and pursuant to Federal Rule of Civil Procedure 58, the Court hereby ENTERS judgment in favor of Plaintiffs and against Defendants, and grants the following relief as set forth below:

## DECLARATION

The Court concludes that declaratory relief under 28 U.S.C. § 2201 is appropriate in this case. It is hereby **DECLARED** that:

1. The Immigration Enforcement Requirements are unconstitutional and unlawful because they exceed the congressional authority conferred on the Executive Branch and are ultra vires on their face.

2. 8 U.S.C. §§ 1373 and 1644 are unconstitutional on their face under the Tenth Amendment of the United States Constitution.

## PERMANENT INJUNCTION

The Court also concludes that each of the necessary elements for issuing a permanent injunction is met. In particular, the Court concludes that Plaintiffs have succeeded on the merits of their claims and that absent an injunction, Plaintiffs would suffer irreparable injury; the balance of equities favor Plaintiffs; and the requested relief is in the public interest.

Pursuant to Federal Rule of Civil Procedure 65, it is now **ORDERED** that Defendants **ARE HEREBY RESTRAINED AND ENJOINED** from directly or indirectly committing or performing the following acts:

1. Using the Immigration Enforcement Requirements as conditions for Byrne JAG funding for any Oregon state entity, the City of Portland, or any Oregon political subdivision.

2. Withholding, terminating, or clawing back Byrne JAG funding from, or disbarring or making ineligible for Byrne JAG, any Oregon state entity, the City of Portland, or any Oregon political subdivision on the basis of the Immigration Enforcement Requirements.

3. Withholding, terminating, or clawing back Byrne JAG funding from, or disbarring or making ineligible for Byrne JAG, any Oregon state entity, the City of Portland, or any Oregon political subdivision on account of any grant condition challenged in this lawsuit and based on ORS 181A.820, ORS 180.805, or Portland Police Bureau Directive 810.10.

4. Enforcing 8 U.S.C. §§ 1373 and 1644's statutory obligations in relation to the Bryne JAG program against any Oregon state entity, the City of Portland, or any Oregon political subdivision.

## MANDATORY INJUNCTION

As set forth in the Court's August 7, 2019 Opinion and Order, the Court concluded that all the necessary elements for issuing Plaintiffs mandamus relief are met.

The Court hereby **ORDERS** Defendants to issue to Plaintiffs without further delay the FY 2017 Byrne JAG awards and the FY 2018 Byrne JAG awards, without enforcement of the enjoined conditions, and to disburse Byrne JAG funds, upon a jurisdiction's acceptance of the award, to the Oregon Criminal Justice Commission, the City of Portland, and all Oregon political subdivisions that applied for Byrne JAG awards for FY 2017 and/or FY 2018; provided, however, that nothing in this Order shall relieve any jurisdiction from its obligation to provide certification of, and compliance with, any other condition of the awards other than the Immigration Enforcement Requirements, and Defendants are not required to disburse the awards until such other conditions for disbursement are met. Nothing in this Order shall impair, affect, or relieve the jurisdictions or any other Byrne JAG award recipient within the District of Oregon from the obligation to certify and comply with any and all other grant conditions apart from the Immigration Enforcement Requirements, nor shall it impair Defendants' ability to enforce the conditions in the awards other than the Immigration Enforcement Requirements.

Acceptance of the FY 2017 and/or FY 2018 awards by the Oregon Criminal Justice Commission, the City of Portland, and/or any Oregon political subdivision shall not be construed as acceptance of the enjoined conditions.

After the jurisdiction or entity accepts the FY 2017 and/or FY 2018 awards, Defendants are further **ORDERED** to process and approve the jurisdiction's requests for drawdowns of the jurisdiction's FY 2017 and/or FY 2018 Byrne JAG funds as it would in the ordinary course, and

without regard to the enjoined conditions, compliance with 8 U.S.C. §§ 1373 and 1644, or whether the jurisdiction spent its own money on the program or activity funded.

## COSTS

Plaintiffs are awarded their reasonable costs and expenses pursuant to 28 U.S.C. §§ 1920 and 2412. Plaintiff will file a motion pursuant to Fed. R. Civ. P. 54 no later than 14 days after the entry of judgment.

**IT IS SO ORDERED**

DATED August 29, 2019.

                                              /s/ Michael J. McShane
                                                    Michael McShane
                                             United States District Judge